THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MOZELLA DURGAN, Defendant-Appellant.

Fourth District     No. 4—94—1111

Opinion filed June 28, 1996.

Daniel D. Yuhas, Gary R. Peterson, and Yolanda Gray, all of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Rob-

ert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Mozella Durgan appeals her conviction for possession of a controlled substance with intent to deliver, a violation of section 401(c)(2) of the Illinois Controlled Substances Act (720 ILCS 570/401(c)(2) (West 1992)). We affirm.

On March 16, 1993, defendant was arrested in her home. The following day, she was charged with possession of a controlled substance with intent to deliver. She filed a motion to suppress, asserting the evidence which had been obtained in her home at the time of her arrest was the product of an illegal search and seizure.

The hearing on the motion to suppress occurred in January 1994. At the hearing, the following facts were established from testimony by several law enforcement agents. On March 16, 1993, law enforcement agents were conducting surveillance and investigation of drug activity at a residence at 710 Chandler Street in Danville, Illinois. A controlled buy using a confidential informant had taken place in the house on the previous day. On March 16, people entered and left the house throughout the afternoon. Sometime roughly around 4:30 p.m. an informant went into the house and again made a controlled purchase of rock cocaine using marked or recorded currency. The informant saw other drugs inside the residence. The investigators maintained surveillance until several uniformed officers arrived. The police decided to seize the house and hold it until a search warrant could be obtained. They did not have any arrest warrants. The investigators had no reason to believe anyone inside the house was aware of the confidential informant. Narcotics investigator Richard Michael Bane, a member of the Vermilion County Metropolitan Enforcement Group (MEG), explained the decision:

"Q. [Defense counsel Walter Clifton:] Why did you make the decision that you would have to seize the house and hold it?

A. [Investigator Bane:] Well, we had three reasons. One reason was that we had buy money. That's evidence that was inside the house at that point in time. We also had information from the confidential source that there were more drugs inside the house, which would be evidence. And number three, we had people coming and going from the house. We were worried that with all the drugs being held in the house that they might leave as well as our money could leave. Our buy money that was inside the house could leave as well through change or else people going to buy groceries or whatever."

Officers stormed the house somewhere around 5 p.m. They

searched from room to room to secure the house by taking persons from any rooms to the living room. Five persons were found: defendant, her husband Carl, her two sons Carl, Jr., and Adrian, and her daughter Carla. The police handcuffed all of them and made them lay down on the living room floor. Defendant was squirming around on the floor, and Investigator Bane noticed her body covered a small plastic bag containing white powder. Dennis Stark, a special agent with the Illinois State Police, took possession of the plastic bag as well as $15 in currency that was lying on the floor. The police asked defendant for consent to search her house, but she refused. After defendant's refusal to consent to a search of the house, Investigator Anthony Ardis, of the Vermilion County MEG, left to obtain a search warrant. While waiting for the search warrant, defendant's son Carl, Jr., told investigators where cocaine and guns were located in the house. The investigators did not search the house during this time.

Investigator Ardis obtained a search warrant around 7:30 p.m. and finally arrived back at the house around 8 p.m. The search warrant authorized the police to search for narcotics, narcotics packaging, weapons, and money. The search warrant was based only on facts obtained prior to the entry into the house. Investigators first recovered the cocaine and guns described to them by defendant's son Carl, Jr. They then recovered other drugs and weapons.

The trial court took the motion under advisement. In a written ruling, the trial court found the police entered the house based on exigent circumstances, for the sole purpose of securing the premises and preserving evidence until a search warrant was issued. Once inside the house, the $15 in currency and the plastic bag containing cocaine were properly seized because they were in plain view. The additional items were properly searched for and seized *after* the search warrant had been issued and served. Therefore, the trial court denied defendant's motion to suppress.

Defendant proceeded to a stipulated bench trial. Some of the evidence consisted of the items discovered during the search of defendant's home. In addition, Theresa Parker, the confidential informant who had made the controlled cocaine buys from defendant, would so state if called to testify. She purchased .2 grams, and lab reports would confirm the substance she purchased was cocaine. In May 1994, the trial court found defendant guilty. In December 1994, the trial court sentenced defendant to $4^1/_2$ years' imprisonment. Defendant now appeals.

■ The State first asserts defendant has waived the search issue because it was not raised in a post-trial motion. Defendant asserts we should address this issue under the plain error rule. 134 Ill. 2d R.

615(a). The plain error rule is a limited exception to the waiver rule and may be invoked where the alleged error is so fundamental it may have deprived the defendant of a fair hearing. *People v. Beals*, 162 Ill. 2d 497, 511, 643 N.E.2d 789, 796 (1994). For the reasons that follow, we conclude defendant was not denied a fair hearing, and so the plain error rule does not apply. Thus, defendant has waived the issue, and defendant would lose on the merits as well.

Both parties frame the issue as whether the police had exigent circumstances to enter defendant's home without a warrant, thus making the later search and seizure legal and allowing evidence obtained in the search to be admissible against defendant. We need not decide whether the trial court correctly ruled the police had exigent circumstances to make a warrantless entry into defendant's home. A reviewing court is not bound by reasons given by the trial court for its judgment, and a trial court's judgment may be affirmed upon any ground in the record regardless whether it was relied on by the trial court. *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 457 N.E.2d 9 (1983). Here, *most* of the evidence obtained by the police was admissible under either the independent source rule or the inevitable discovery rule.

■ Generally, evidence must be excluded as "fruit of the poisonous tree" if it has been obtained through the exploitation of illegal police conduct. *People v. Evans*, 259 Ill. App. 3d 650, 631 N.E.2d 872 (1994). However, two closely related exceptions to the exclusionary rule are the "independent source" and the "inevitable discovery" doctrines. See *Nix v. Williams*, 467 U.S. 431, 81 L. Ed. 2d 377, 104 S. Ct. 2501 (1984). "The independent source doctrine allows admission of evidence that *has been* discovered by means wholly independent of any constitutional violation." (Emphasis added.) *Nix*, 467 U.S. at 443, 81 L. Ed. 2d at 387, 104 S. Ct. at 2508. Under the inevitable discovery doctrine, "[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably *would have been* discovered by lawful means *** the evidence should be received." (Emphasis added.) *Nix*, 467 U.S. at 444, 81 L. Ed. 2d at 387-88, 104 S. Ct. at 2509. Generally, courts will find evidence inevitably would have been discovered if (1) the condition of the evidence when actually found by lawful means would have been the same as that when improperly obtained; (2) the evidence would have been discovered through an independent line of investigation untainted by the illegal conduct; and (3) the independent investigation was already in progress at the time the evidence was unconstitutionally obtained. *People v. Perez*, 258 Ill. App. 3d 133, 138, 630 N.E.2d 158, 162 (1994).

■ Here, the parties do not dispute the search warrant was based

on evidence gathered *prior to* the warrantless entry into defendant's house. The parties also do not dispute this evidence constituted probable cause for the issuance of the search warrant. Therefore, the search warrant itself was not tainted by improperly obtained evidence. In short, the search warrant and its later fruit were derived from sources independent of the warrantless entry into defendant's home. In addition, even though defendant's son informed police where some of the drugs and weapons were located, there is nothing in the record which indicates these items were located in such unusual or hidden places they would not have been inevitably discovered, and in the same condition, by the search based on the valid search warrant. Further, the investigation which gave rise to the facts which supported the search warrant were initiated prior to the seizure and search of defendant's home. In short, most of the evidence found in defendant's home would have been inevitably discovered notwithstanding any illegality in police conduct here.

The only evidence found in defendant's home which arguably was derived solely as a result of the warrantless entry into defendant's home was the $15 currency and the plastic bag containing cocaine which were both found in plain view in the immediate vicinity of defendant. However, even assuming this evidence was illegally obtained and should have been suppressed, its admission during the stipulated bench trial was harmless error. A defendant's conviction will not be reversed if an error is harmless beyond a reasonable doubt. Error is harmless if it did not contribute to the conviction, if other evidence in the case overwhelmingly supports the conviction, or if the evidence improperly allowed merely duplicated properly admitted evidence. *People v. Wilkerson*, 87 Ill. 2d 151, 157, 429 N.E.2d 526, 528 (1981).

■ The other evidence in the case overwhelmingly supported defendant's conviction. At the stipulated bench trial, it was established the confidential informant who had purchased cocaine from defendant would so testify, and chemical testing of the substance confirmed it was cocaine. Further, there would be no contradictory testimony. This evidence overwhelmingly established defendant's guilt beyond a reasonable doubt of possession with intent to deliver. Therefore, the admission into evidence of items found in defendant's home was merely cumulative. There was ample admissible evidence upon which to base defendant's conviction. Further, because defendant received a fair hearing in this regard, trial counsel was not ineffective for failing to raise the suppression issue in a posttrial motion.

Defendant's conviction is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.