THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DALE L. ATKINSON, Defendant-Appellant.

Fourth District   No. 4—95—0597

Opinion filed May 9, 1997.

GREEN, J., dissenting.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Following a jury trial, defendant Dale Atkinson was convicted of burglary in violation of section 19—1(a) of the Illinois Criminal Code of 1961 (720 ILCS 5/19—1(a) (West 1992)). Defendant was sentenced to six years' imprisonment. Defendant appeals, alleging (1) the trial court erred in failing to employ the *Montgomery* balancing test before allowing the State to impeach him with his prior convictions, (2) the

trial court erred in refusing to allow the "mere fact" approach to impeaching with a prior conviction, and (3) that the inclusion of this evidence was reversible error. We reverse and remand.

In March 1994, Nathan Reitsman was driving around with three friends in a 1984 Chrysler LeBaron. When the car stalled and Nathan could not get it started again, he and his friends left the car to go call Nathan's mother. Upon their return 15 minutes later, they discovered that a window had been "pried down" and the dashboard had been torn apart. The AM-FM cassette stereo and an equalizer were missing.

On the same day, Herb Simmons was driving around with defendant, Dale Juvinall, and Steve Robbins. They passed Nathan's car and stopped. According to defendant, Simmons and Juvinall thought the car may have a stereo and a "fuzz buster." Juvinall and defendant exited Simmons' car; defendant claimed he did so at Juvinall's request. Simmons drove away because he did not want his car to be seen "if they did something."

Juvinall entered Nathan's car and removed the stereo and the equalizer. According to Juvinall, he removed the AM-FM cassette player, which he then handed to defendant. Juvinall said he never touched the AM-FM cassette player again. Juvinall then removed the equalizer. Defendant claimed that he stood by the side of the road the entire time because he "wasn't going over to the vehicle." Defendant testified that he was not acting as a "lookout" for Juvinall. Simmons then returned and both Juvinall and defendant got back into Simmons' car. Simmons testified that Juvinall had both the AM-FM cassette player and the equalizer under his coat when he got back into the car.

According to defendant, the group then returned to his trailer. Defendant testified that the AM-FM cassette player and the equalizer were held together with black electrical tape and that Juvinall separated the two components at defendant's trailer. Although it is unclear when it happened, at some point that evening the group tried to sell the equalizer to "JR," one of defendant's friends. "JR" did not buy the equalizer, so Juvinall kept it. Defendant kept the stereo.

After defendant's testimony, and over defendant's objection, the State impeached defendant with evidence of defendant's two prior burglary convictions. The jury found defendant guilty and the court sentenced him to six years' imprisonment. Defendant now appeals.

The admission of prior convictions to impeach a witness is problematic. This is especially true where the witness is a defendant in a criminal trial.

"If [a criminal defendant] testifies and is impeached with prior convictions, he risks conviction upon the current charge simply because the jury thinks he is a bad man. *** If the defendant, in the alternative, chooses to remain silent, the jury may conclude that he is guilty despite instructions that no inference is to be drawn against him given his failure to testify. [Citation.] On the other hand, in support of the use of prior convictions, it is asserted 'that it would be misleading to permit the accused to appear as a witness of blameless life.' McCormick, Evidence § 42 at 153 (4th ed. 1992)." M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 609.1, at 411 (6th ed. 1994) (hereinafter Graham).

Addressing this problem in *People v. Montgomery*, 47 Ill. 2d 510, 268 N.E.2d 695 (1971), the supreme court embraced the balancing test set forth by Rule 609 of the Federal Rules of Evidence (Fed. R. Evid. 609).

■ The *Montgomery* court provided that, for the purposes of attacking a witness' credibility, evidence of a prior conviction is admissible only if (1) the crime is punishable by death or imprisonment in excess of one year, or (2) the crime involved dishonesty or false statement regardless of the punishment. In either case, however, the evidence is inadmissible if the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice. Additionally, the *Montgomery* rule prohibits admission of this evidence if a period of more than 10 years has elapsed since the date of conviction or release of the witness from confinement, whichever is later. *Montgomery*, 47 Ill. 2d at 516, 268 N.E.2d at 698. The supreme court has reaffirmed the *Montgomery* rule in two recent cases. *People v. Williams*, 161 Ill. 2d 1, 641 N.E.2d 296 (1994) (expressing concern over the mechanical application of the *Montgomery* rule); *People v. Williams*, 173 Ill. 2d 48, 670 N.E.2d 638 (1996) (reaffirming the continuing validity of the *Montgomery* rule).

Defendant argues that the trial court erred in allowing the prosecutor to inform the jury that his prior convictions were for burglary. Defendant had asked that the trial court use the mere fact method of impeachment. The mere fact method was not used, and defendant argues that this was reversible error.

■ Under the mere fact method, the trial court informs the jury of the felony conviction and of the date and county in which it occurred. See *People v. Kunze*, 193 Ill. App. 3d 708, 731, 550 N.E.2d 284, 299 (1990) (Steigmann, J., specially concurring) (thoroughly reviewing the cases in Illinois and in other jurisdictions). The court does not tell the jury the *nature* of the felony. After informing the jury of the

defendant's prior conviction, the trial court should orally instruct the jury in accordance with Illinois Pattern Jury Instructions, Criminal, No. 3.13 (3d ed. 1992), unless the defendant indicates that he does not wish that the instruction be given. *Kunze*, 193 Ill. App. 3d at 731, 550 N.E.2d at 299 (Steigmann, J., specially concurring). The decision whether to use the mere fact method is a matter of discretion. *People v. Jennings*, 279 Ill. App. 3d 406, 412, 664 N.E.2d 699, 704 (1996).

The mere fact approach of impeaching a defendant with a prior conviction helps balance the competing interests of the State and the defendant and is especially useful where the prior convictions are similar to the crime charged. This is because the "more similar the prior offense to the crime charged, the stronger the natural though impermissible inference likely to be drawn by the jury that, if the defendant did it before, he probably did it this time." Graham § 609.1, at 411. Under these circumstances, the mere fact method avoids the danger the jury will use the prior conviction to evaluate a defendant's propensity to commit crime. *Jennings*, 279 Ill. App. 3d at 412, 664 N.E.2d at 704.

■ In the instant case, defense counsel asked the trial court to use the mere fact method for defendant's impeachment. The State's Attorney argued that the impeachment should be done as it had been done in the past: "[t]hat either the Court or counsel would read *** the conviction, the date, the case number into the record." The judge replied, "You may." In rebuttal, the State impeached defendant with a 1992 burglary conviction. The defendant objected and the court told the State to proceed. The State then impeached defendant with a 1993 burglary conviction. Defendant again objected. At a side bar, defense counsel moved for a mistrial based upon the method of the impeachment. The judge replied, "If they want to reverse me on that just tell them to go right ahead. *** It makes no sense to [impeach a defendant] any other way."

At the hearing on defendant's post-trial motion, in discussing the use of the mere fact method, the trial judge stated:

> "[T]he rationale of Judge Steigmann in doing something like that is absolutely beyond me. By his rationale I would suspect defense attorneys, if there's an innocuous felony the next time around or a very serious case, rather than saying felony they will be asking that the more innocuous felony be proved up. It is an absolute bag of worms."

This case presented an ideal situation for use of the mere fact method. In employing the *Montgomery* rule, the trial court should first apply the mechanical prongs of the rule; that is, the trial court should determine if the prior conviction(s) fit within the *Montgomery*

categories and whether they meet the timeliness requirement. If the prior conviction(s) qualify under the mechanical prongs, the trial court should then employ the balancing test. In determining whether the probative value of the evidence sought to be admitted is substantially outweighed by the danger of unfair prejudice, the court should consider evidentiary alternatives. See *Old Chief v. United States*, 519 U.S. 172, 136 L. Ed. 2d 574, 117 S. Ct. 644 (1997). One of these evidentiary alternatives is the mere fact method of impeachment.

The trial court was probably correct in noting that defendants will seek to use the impeachment method that is the least prejudicial to them: if the prior felony was for a serious crime, defendants will seek to use the mere fact method, but if the prior felony was not so serious, they will seek to have the name of the conviction entered. Given that one purpose of the balancing test is to minimize the danger of unfair prejudice to the defendant, we fail to see how this creates a problem. It has been noted that there are three exceptions to the mere fact method. One exception is when "the defendant chooses to have the jury informed of his prior conviction for impeachment purposes in the traditional way, including the name of the offense(s) of which he stands convicted." *Kunze*, 193 Ill. App. 3d at 732, 550 N.E.2d at 300 (Steigmann, J., specially concurring).

We conclude that the trial judge abused his discretion in allowing the State to give the name of the prior offenses when impeaching defendant. "[I]t is difficult to justify [the] continued use of [a] *** method that *** tends to maximize the prejudicial effect and potential error of admitting the prior conviction to impeach the defendant." *Jennings*, 279 Ill. App. 3d at 414, 664 N.E.2d at 706 (Steigmann, J., specially concurring).

We note that, although not raised by either party, defendant's prior burglary convictions may have been admissible as substantive evidence of defendant's intent. While evidence of prior acts and offenses may not be introduced to show propensity to commit crime, such evidence is admissible if it tends to prove *modus operandi*, design, motive, knowledge, or intent. *People v. Oaks*, 169 Ill. 2d 409, 454, 662 N.E.2d 1328, 1348 (1996). The record is unclear as to the exact nature of defendant's prior burglary convictions, but at sentencing defense counsel argued for the minimum, noting that defendant "has been convicted of what are essentially midnight auto burglaries." Nevertheless, the issue was not raised either in the trial court or in this court, and we decline to consider it.

■ The State argues that any error was harmless. Error is harmless if it did not contribute to the conviction, if other evidence in the

case overwhelmingly supports the conviction, or if the evidence improperly allowed merely duplicated properly admitted evidence. *People v. Durgan*, 281 Ill. App. 3d 863, 868, 667 N.E.2d 730, 733-34 (1996); *People v. Wilkerson*, 87 Ill. 2d 151, 157, 429 N.E.2d 526, 528 (1981). As discussed above, evidence of prior convictions has long been recognized as problematic. The erroneous evidence of other crimes evidence ordinarily calls for reversal unless the record affirmatively demonstrates that no prejudice occurred. *People v. Lindgren*, 79 Ill. 2d 129, 140-41, 402 N.E.2d 238, 244 (1980). A number of cases over the years have found no prejudice, even where the prior convictions were for the identical offense being considered by the jury, but the recent *Williams* cases decided by the supreme court indicate a heightened concern for a real balancing of probative value against unfair prejudice.

■ The evidence in the present case is not overwhelming. Defendant was shown to be present at the crime scene, but such presence, even when coupled with the knowledge that a crime is being committed, does not render one accountable for the crime. *People v. Taylor*, 164 Ill. 2d 131, 140, 646 N.E.2d 567, 571 (1995). Defendant testified that the crime was committed by Dale Juvinall, that defendant remained at a distance while the crime was being committed, and that defendant did not act as a lookout. Although defendant eventually received one of the stolen items, the evidence is not overwhelming that defendant shared a common criminal design or criminal intent with Juvinall at the time the crime was committed. Thus, reversal is warranted. There was sufficient evidence presented of defendant's guilt, however, that this case must be remanded for a new trial.

Reversed and remanded for a new trial.

STEIGMANN, P.J., concurs.

JUSTICE GREEN, dissenting:
I agree that the situation here is a perfect example of where the balancing test of *Montgomery* would be best served by use of the "mere fact" method of impeachment of a testifying defendant. However, I am also concerned with the position of the circuit judge that the "mere fact" method is not yet required in this State even under the compelling circumstances of this case. The Supreme Court of Illinois has never applied or discussed the rule even under compelling circumstances.

In *Williams* (161 Ill. 2d 1, 641 N.E.2d 296), the circumstances

favoring use of the "mere fact" rule were even stronger than here, as the court held that impeachment of a defendant charged with murder by introduction of his conviction for voluntary manslaughter, although error, was not reversible error. In *Williams* (173 Ill. 2d 48, 670 N.E.2d 638), the argument for use of the "mere fact" rule was less compelling, but its use would still have been helpful. There, the major thrust of the prosecution's charges was murder and the supreme court held the defendant was properly impeached by evidence of his prior conviction for aggravated battery. Thus, in both *Williams* cases, convictions for crimes of violence were used to impeach defendants charged with murder.

Absent precedent requiring application of the "mere fact" rule, I do not deem the conviction of defendant here was error. He was impeached on a prior conviction of burglary, the very offense with which he was charged, but the court did apply the balancing test. Unlike the impeaching evidence in the *Williams* cases, the impeaching evidence in this case involved dishonesty, a factor given great significance for its probative value in regard to the veracity of the defendant. See *Montgomery*, 47 Ill. 2d at 516, 268 N.E.2d at 698.

Accordingly, I would affirm.