THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALFRED ROBERTS, Defendant-Appellant.

First District (1st Division)   No. 1—97—1074

Opinion filed October 13, 1998.

Rita A. Fry, Public Defender, of Chicago (James S. Jacobs, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and James Beligratis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'BRIEN delivered the opinion of the court:

Defendant, Alfred Roberts, appeals his conviction for possession of a controlled substance with intent to deliver and his sentence of 12 years' imprisonment. On appeal, defendant contends the trial court erred in: (1) denying defendant's pretrial motion *in limine* to preclude reference to his prior convictions for the identical offense charged, (2) allowing the State to exercise racially motivated peremptory challenges in violation of *Batson v. Kentucky*, 476 U.S. 79, 89, 90 L. Ed. 2d 69, 82-83, 106 S. Ct. 1716, 1719 (1986); (3) failing to instruct the jury on the lesser included offense of simple possession, and (4) sentencing the defendant to 12 years' imprisonment. We reverse and remand for a new trial.

Pretrial, defendant requested an order *in limine* restricting the use of his prior convictions for possession with intent to deliver a controlled substance because of their prejudicial nature. The trial court denied the motion, stating that defendant's prior convictions could be used by the jury to assess defendant's credibility. Alternatively, defendant requested the use of the "mere fact" of defendant's prior felony convictions, without reference to their specific nature. The trial court denied the motion and jury selection began.

During jury selection, defendant made a motion, pursuant to *Batson*, alleging the State was using its peremptory challenges to exclude black members of the venire. The State asserted unemployment and residence with his parents for excluding a particular potential black juror. The defendant countered that the State had accepted a young white male juror who was also unemployed and living with his family.

Then, the following ensued:

"THE COURT: Does the State wish to respond further?

PROSECUTOR: No.

THE COURT: All right. I find they have made a preliminary challenge as far as the last—preliminary showing as to the last juror, Mr. McClendon.

Now, Mr. State's Attorney, would you like to respond? There has been a valid reason as to everybody else, but not as to the last juror, Mr. McClendon.

PROSECUTOR: If you can give me one moment? Judge, I have nothing further to add other than—

THE COURT: You have nothing further to add when I said they have made a preliminary—you cannot give me another reason?

PROSECUTOR: Judge, may I see the card?

THE COURT: Let's have the cards, please.

PROSECUTOR: I believe I handed it to Your Honor. Judge, I would just note that on his juror information card he gave no information as to any type of occupation.

THE COURT: Please indicate the reason why that person was excused.

PROSECUTOR: The reason why that person was excused, Judge, is because of being unemployed.

THE COURT: He has indicated he is employed.

PROSECUTOR: Well, I don't think he is truthful in filling out his application on the juror information form in which he did not note any employer or occupation.

THE COURT: That is the reason you are listing, for him not being truthful on the application?

PROSECUTOR: Correct.

THE COURT: Would you like to respond?

DEFENSE COUNSEL: I don't think that's a valid explanation, Judge. At the time he filled out this card he wasn't being paid by an employer, and he indicated that on his card. That indicates he is being truthful.

THE COURT: The Court finds that is a racially neutral reason. The card is lacking in all kinds of information, including that information that was volunteered. I can see that as a reason. Let's get on with it."

At trial, the State's only witnesses were Officers Hladik and Darlin. Hladik testified he suspected defendant of drug trafficking and positioned himself on a rooftop across from defendant's location. Hladik observed a number of anonymous persons approach defendant and hand him currency. Defendant would then retrieve a small, unknown object from a nearby bush and hand it to the person. After observing several such transactions, Hladik radioed Darlin to detain defendant. Hladik joined Darlin and defendant and then proceeded to the bush and retrieved a ziplock bag containing a single white rocklike substance. Hladik searched defendant and recovered $80 in currency.

The parties stipulated to the chain of custody and chemical analysis of the substance recovered from defendant as 0.15 grams of cocaine.

The defendant presented no evidence and rested.

During the jury instruction conference, defendant requested a jury instruction for simple possession of a controlled substance, a lesser included offense. The trial court denied the request.

The jury found defendant guilty of possession with intent to deliver 0.15 grams of a controlled substance.

At sentencing, a representative from TASC, a drug treatment program, advised the trial court that defendant was an appropriate TASC candidate. The defendant, in allocution, said he wanted to be rehabilitated and do the "right things" upon his release from custody. The trial court declined the TASC request, noted the defendant's prior felony drug trafficking convictions, found defendant should be sentenced as a Class X offender and sentenced defendant to 12 years' imprisonment. Defendant appealed.

Because we find defendant's contention of error pursuant to *Batson* to be dispositive, we address it first.

■ The equal protection clause of the fourteenth amendment does not allow prosecutors to consider race as a factor when choosing jurors. *Batson v. Kentucky*, 476 U.S. 79, 89, 90 L. Ed. 2d 69, 82-83, 106 S. Ct. 1716, 1719 (1986). Defendant has the initial burden to prove a *prima facie* case that the prosecutor used peremptory challenges to remove potential jurors based on their race. *People v. Andrews*, 146 Ill. 2d 412, 424, 588 N.E.2d 1126 (1991). After the defendant makes his *prima facie* case, the burden shifts to the prosecution to come forward with race-neutral reasons for striking the particular potential juror. *People v. Williams*, 147 Ill. 2d 173, 220, 588 N.E.2d 983 (1991). If a race-neutral explanation is tendered, the trial court then decides whether the reason is a pretext for racial discrimination. *People v. Davis*, 287 Ill. App. 3d 46, 51, 677 N.E.2d 1340, 1344 (1997). A trial court's decision on the matter will be upheld unless it is clearly erroneous. *Hernandez v. New York*, 500 U.S. 352, 369, 114 L. Ed. 2d 395, 412, 111 S. Ct. 1859, 1871 (1991).

■ Although giving untruthful answers on a jury card is a legitimate race-neutral reason for striking a potential juror (*People v. Wiley*, 165 Ill. 2d 259, 275-76, 265 N.E.2d 189 (1995)), as it was proffered here, that explanation was pretextual and a violation of *Batson*.

Initially, the chronology of events is troubling. When the trial court said the State's justification was insufficient and asked if the State had anything further, the State responded "No." However, after the State learned the trial court would grant the *Batson* motion unless it offered another reason, the State suddenly asked to see the juror's card. Only after reviewing the card did the State offer "untruthfulness" as its reason, stating that the juror's jury card answers varied from his *voir dire* answers. This chronology of events reveals the State was unaware of the juror's alleged "untruthfulness" when it made its peremptory challenge.

Next, the State's claim the juror was untruthful is not supported by the record. The jury card asks whether the potential juror is

employed. There are two answer options: check the "yes" box or check the "no" box. The juror checked the "no" box. During *voir dire*, the court asked the juror, "[Your juror card] indicates you are presently unemployed, is that correct?" to which the juror responded, "Actually I do on and off work in studios. I am a studio production engineer." Despite the juror's candid explanation of his answer, the State claims the juror was "untruthful." The State reasons, in essence, that the juror lied because he answered "no" though he worked in some capacity, if only "on and off." The State's reasoning is flawed. Because the juror card answers could only be given in a "yes" or "no" fashion, neither of which was entirely accurate, under the State's reasoning, the juror would have been "untruthful" no matter what his answer had been: here because he answered "no" but worked in some capacity, if only "on and off," and in the opposite, but equally plausible, scenario because he answered "yes" but worked only "on and off" and not at present. Accordingly, the State's claim is not well taken.

Finally, the State's proffered explanations are factually at odds. Initially, the State challenged the juror because his *voir dire* answers revealed he was *unemployed* and lived with his family. In its substituted explanation, the State challenged him because he was *employed* but had not disclosed this on his juror card. The inherent conflict of these two proffered explanations suggests that neither was genuine.

Because the State failed to provide a race-neutral explanation for excluding McClendon that was nonpretextual, the trial court's denial of defendant's *Batson* motion was clearly erroneous. Further, because it is a denial of equal protection to exclude a single prospective juror on the basis of race (*People v. McDonald*, 125 Ill. 2d 182, 530 N.E.2d 1351 (1988)), we reverse and remand for a new trial.

Defendant's first (admissibility of prior convictions) and third (entitlement to lesser included offense instruction) contentions of error may arise on retrial and we address them.

■ First, the admissibility of defendant's prior convictions. The State contends defendant has waived this issue by failing to testify at trial. Although the issue may be waived (see *Luce v. United States*, 469 U.S. 38, 42-43, 83 L. Ed. 2d 443, 463-64, 105 S. Ct. 460, 463-64 (1984); *People v. Gil*, 240 Ill. App. 3d 151, 163, 608 N.E.2d 197 (1992); *People v. Hartfield*, 137 Ill. App. 3d 679, 684, 484 N.E.2d 1136 (1985)), waiver is a bar upon the parties and not upon the court (*Wagner v. City of Chicago*, 166 Ill. 2d 144, 149, 651 N.E.2d 1120 (1995)). Accordingly, we address the issue.

■ Evidence of prior convictions is admissible for purposes of at-

tacking a witness's credibility only if the crime was a felony or involved dishonesty or a false statement, it has been less than 10 years since the date of conviction or release, and the probative value of the evidence outweighs the danger of unfair prejudice. *People v. Montgomery*, 47 Ill. 2d 510, 268 N.E.2d 695 (1971). A trial court's decision to admit evidence of a previous conviction under *Montgomery* will not be reversed absent an abuse of discretion. *People v. McKibbins*, 96 Ill. 2d 176, 187-89, 449 N.E.2d 821 (1983).

■ After the trial court learned the defendant had seven prior convictions (five for possession of a controlled substance, one for delivery of a controlled substance, and one for unlawful use of a weapon by a felon), the following ensued:

"THE COURT: Mr. State's Attorney, accordingly, all are within the ten-year limitation?

PROSECUTOR: That's correct.

THE COURT: Counsel, would you like to be heard?

DEFENSE COUNSEL: Well, Judge, it looks like several of these he was convicted of all on the same day. We would just be asking if he takes the stand in this case that the jury not be told of his prior convictions.

PROSECUTOR: Your Honor—

THE COURT: Excuse me. The Court will allow each of these convictions to be entered into evidence only for impeachment purposes except for the conviction for Unlawful Use of a Weapon by a felon. Each of these convictions are within the time, in the ten-year limitation.

Also, each of these other convictions for the Possession of a Controlled Substance with Intent to Deliver, as well as Delivery of a Controlled Substance go to the Defendant's credibility for testifying, since being convicted of this offense, if he were convicted of his offense, he would incur a greater penalty because of that. Therefore, it goes to the credibility issue.

DEFENSE COUNSEL: Will they be hearing, Judge, then what the convictions are for or just that he has had prior convictions?

THE COURT: They will hear what the convictions are for.

DEFENSE COUNSEL: I will ask that the Court consider allowing only that he had been convicted and when this occurred rather than what they are for, since that would be, obviously, prejudicial in this case.

THE COURT: The Court believes the prejudicial value is outweighed by the probative effect. They will hear them all except for the Unlawful Use of a Weapon."

Defendant contends the trial court abused its discretion by focus-

ing on collateral sentencing consequences rather than on how the prior convictions would impact defendant's testimonial credibility. We disagree. Under the first prong of the *Montgomery* analysis, evidence of prior convictions is admissible for purposes of attacking a witness's credibility *either* if the crime was a felony *or* it involved dishonesty or a false statement. Defendant admits that the prior convictions involved were felonies. The first prong of *Montgomery* is satisfied and the trial court's comment about sentencing consequences is irrelevant.

Defendant next contends the trial court abused its discretion by not limiting the State to the "mere fact" of his prior convictions. Under the facts and the specific nature of the prior convictions, we agree. This case presented an ideal situation for use of the "mere fact" method of impeachment: The State easily could have discredited defendant's testimony without divulging the nature of his prior convictions (*People v. Atkinson*, 288 Ill. App. 3d 102, 679 N.E.2d 1266 (1997); *People v. Jennings*, 279 Ill. App. 3d 406, 410, 664 N.E.2d 699, 702-04 (1996)), whereas the jury's natural inclination would be to infer guilt from such evidence (M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 609.1 (6th ed. 1994)). Here, the prejudicial nature of defendant's prior convictions for the exact same offense far outweighed any probative value of defendant's credibility. *People v. Adams*, 281 Ill. App. 3d 339, 345, 666 N.E.2d 769, 772-73 (1996); *People v. McKay*, 279 Ill. App. 3d 195, 203-04, 664 N.E.2d 222, 227-29 (1996); *People v. Elliot*, 274 Ill. App. 3d 901, 911-12, 654 N.E.2d 636, 642 (1995). See also *People v. Williams*, 161 Ill. 2d 1, 641 N.E.2d 296 (1994) (recognizing the chilling effect evidence of prior similar convictions will have on defendant's decision to testify).

■ Finally, we consider whether the trial court erred in refusing to instruct the jury on the lesser included offense of simple possession. A defendant is entitled to a lesser included offense instruction only where he has presented some evidence, even if only slight, which would permit a jury to acquit him of the greater offense but find him guilty of the lesser included offense. *People v. Novak*, 163 Ill. 2d 93, 108, 643 N.E.2d 762 (1994). Here, there was no evidence to support a verdict of simple possession of a controlled substance. Hladik testified that he saw defendant take money in exchange for unknown objects retrieved from a bush and that he recovered currency from defendant's person and a small packet of cocaine from the bush. *Cf. People v. Scott*, 256 Ill. App. 3d 844, 628 N.E.2d 456 (1993) (simple possession instruction required where narcotics were recovered from defendant's person). The defendant did not dispute or impeach Hladik's testimony nor did defendant present evidence of possession strictly for personal

use. Accordingly, the trial court did not err in refusing to instruct the jury on the lesser included offense. *People v. Dunn*, 49 Ill. App. 3d 1002, 365 N.E.2d 164 (1977).

Finally, defendant contends the trial court abused its discretion in sentencing him to 12 years. Because of the remand for a new trial, this issue is moot.

Reversed and remanded.

BUCKLEY and O'MARA FROSSARD, JJ., concur.