THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRACEY DURHAM, Defendant-Appellant.

Third District   No. 3—89—0201

Opinion filed January 25, 1990.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, State's Attorney, of Joliet (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

After a bench trial, the defendant, Tracey Durham, was found guilty of possession and possession with intent to deliver cocaine. The possession conviction was vacated, and defendant was sentenced to a five-year term of imprisonment for possession with intent to deliver cocaine.

The sole issue raised in this appeal is whether the trial court abused its discretion by granting a motion of the State for a continuance based on a finding that the State had shown diligence in its at-

tempt to obtain evidence necessary for trial.

In addressing this issue, it is necessary to set forth the following facts. The defendant was arrested on September 8, 1988. The defendant from the date of his arrest was at all times in custody and took no action to delay the proceedings against him. The State was required to bring the defendant to trial within 120 days or specifically on or before January 6, 1989.

On December 19, 1988, the State moved for a continuance on the grounds that it was not prepared for trial because a police crime-lab report had not been received. Over defendant's objection the trial court granted the State's motion and set a trial date for February 8, 1989.

Both the sixth amendment to the United States Constitution and article I, section 8, of the Illinois Constitution of 1970 provide that the defendant in every criminal offense is entitled to a speedy trial. U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8.

■■ The constitutional right to a speedy trial is implemented by statutory provisions set forth in our criminal code. In substance, every person in custody for a criminal offense shall be tried within 120 days from the date he was taken into custody. The 120-day provision is tolled if the delay is occasioned by the defendant. The trial court may continue for not more than 60 days the trial of a defendant, if the court determines that the State has exercised without success due diligence to obtain material evidence. Our criminal code further provides that if a defendant is not tried in accordance with the foregoing rules, he shall be discharged from custody. See Ill. Rev. Stat. 1987, ch. 38, pars. 103—5(a), (c), (d).

The record in this case is barren of actions or efforts on the part of the State which would support a finding that due diligence was exercised on obtaining evidence from the police crime lab. The trial court granted the State's motion for a continuance, when the prosecutor stated that generally there is a five-month delay between a defendant's arrest and the preparation of the crime-lab report.

■■ The record fails to show some effort or affirmative acts by the State were taken to obtain the desired evidence within the 120-day period for trial. Apparently, the State did not resort to phone calls, correspondence or perform any overt act in an effort to impress upon and explain to the crime lab that the report should be expedited. The State failed to articulate any attempts it made in an effort to expedite the crime lab report. The lack of effort of the State to prevail upon the crime lab to expedite the report is confirmed by comments of the prosecutor to the effect that he felt it useless to ask the crime

lab to do additional work. This case is not unlike the cases of *People v. Shannon* (1975), 34 Ill. App. 3d 185, 340 N.E.2d 129, and *People v. Toolate* (1978), 62 Ill. App. 3d 895, 379 N.E.2d 927.

To hold that the prosecutor in the instant case exercised due diligence would, in fact, abrogate the requirement of diligence in cases where the speedy trial provision is a factor. The mere assertions of due diligence by a prosecutor do not *per se* establish due diligence.

We note that the trial judge was not unaware that a problem existed relating to the statutory 120-day rule, but decided in this case to ignore the rule because of the increase of drug cases. In such cases the trial judge felt that the interest of administration of justice was of such importance that a delay in the trial of such cases may well justify a delay.

Drug usage is an abhorrence in our State and nation, but that factor does not justify or dictate a departure from our constitution and mandates providing for a speedy trial.

For the reasons stated, the judgment of the circuit court of Will County is reversed and the defendant is ordered discharged.

Reversed and defendant discharged.

HEIPLE and STOUDER, JJ., concur.