SECOND DIVISION
June 26, 2007

No. 1-05-2110

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVIS DUFF, | ) | Honorable |
| | ) | Nicholas Ford, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

This case requires us to measure the harm caused by a violation of the defendant's sixth amendment right to confront witnesses against him.

Following a bench trial, defendant Travis Duff was convicted of possession of a controlled substance with intent to deliver and sentenced to six years' imprisonment.

Defendant contends: (1) he was denied his constitutional right to confrontation when the court allowed the prosecution to elicit evidence regarding the co-defendant's guilty plea; (2) the court erred by failing to allow defense counsel to elicit the reason for the guilty plea; (3) the statute mandating a $5 fee for deposit in the Spinal Cord Injury Paralysis Cure Research Trust is unconstitutional; (4) he is entitled to a $295 credit against his mandatory drug assessment for the time he spent in

custody; and (5) the trial court erred in imposing a $20 penalty for the Violent Crimes Assistance Fund.

While we agree testimony about the co-defendant's guilty plea violated the defendant's sixth amendment right to confrontation, we find the error was harmless beyond a reasonable doubt. We see no other error that would seriously question the conviction. We affirm the defendant's conviction and sentence, although we grant him some relief from the mandatory drug assessment and the penalty for the Violent Crimes Assistance Fund.

FACTS

On July 16, 2004, at 10:50 p.m., Chicago police officer Edward May was conducting surveillance in the vicinity of 201 South Kilpatrick Street. He saw three different people approach defendant and Samuel Taylor. Defendant and Taylor were standing within 10 feet of each other. After each person handed defendant an amount of money, defendant would turn around and hold his index finger in the air to signal Taylor. Taylor would then walk to a flower pot near the corner, pick up a brown vial, remove an object, and hand the object to the person who handed defendant the money.

After the third transaction, Officer May radioed his partners. Officers Bora and McGenya stopped defendant and Taylor

and recovered a brown vial from the flower pot with twenty-six plastic packets inside, each containing an amount of "white rocky substance." A custodial search of defendant revealed $25. The parties stipulated that an expert in forensic science tested 15 of the 26 packets found within the vial. The 15 packets tested positive for the presence of cocaine.

John Armstead, defendant's uncle, testified on his behalf. Armstead testified he paid defendant $25 earlier in the day for helping him fix up an apartment. Armstead was not present when defendant and Taylor were arrested. On cross-examination, the State asked Armstead the following questions:

"Q. You talk about Samuel Taylor. He was your nephew as well?

A. Yes, he was.

Q. He was arrested with your nephew here, right?

A. Yes.

Q. And that nephew pled guilty. Are you aware of that?

MS. MINER [defense counsel]: Objection, your Honor.

THE COURT: Overruled.

THE WITNESS: I am aware that he pled

guilty.

Q.  But they were both arrested at the same time.  Were you aware of that?  Were you told that?

A.  I was told that, too.

On redirect, Armstead said Taylor did not appear in court on March 24 because his car broke down during his drive from St. Louis.  After his mother and sister picked him up, Taylor appeared in court the next day and was immediately arrested. When defense counsel asked whether Taylor was to be held in custody until his trial, Armstead responded: "He plead guilty because he told me that he had got another job."  The trial court sustained the State's hearsay objection to Armstead's response.

The defendant testified he spent the morning on the day of his arrest helping Armstead with landscaping and drywall in exchange for $25.  After helping their aunt prepare for a block party, defendant and Taylor went to a liquor store with defendant's brother and his brother's girlfriend in Taylor's car. While defendant and Taylor were parked on the corner of Adams and Kilpatrick, the police came up through an alley and stopped them. The officers told them to get on their knees.  Defendant heard the officers but remained standing.  Defendant denied ever receiving money from people on the corner, and denied seeing

1-05-2110

Taylor go over to the flower pot to retrieve drugs.  The parties stipulated to defendant's four prior felony convictions.

The trial court found defendant guilty of possession of a controlled substance with intent to deliver.  Defendant was found Class X-eligible and sentenced to six years' imprisonment. Defendant appeals.

DECISION

I. Right to Confrontation

Defendant contends he was denied his constitutional right to confrontation when the trial court allowed the State to elicit evidence regarding Taylor's guilty plea, in violation of Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).  Defendant also contends the admission of the guilty plea violated Illinois evidentiary principles.  See People v. Sullivan, 72 Ill. 2d 36, 377 N.E.2d 17 (1978) ("Also inadmissible for purposes of proving the guilt of the defendant on trial, but admissible for purposes of impeaching the co-defendant or accomplice, is evidence that a co-defendant or accomplice has pleaded guilty or has been convicted of the same offense.") The defendant does not specify which "evidentiary principles" he is referring to.  For that reason, we focus on his constitutional claim.

Initially, we note defense counsel made only a general

1-05-2110

objection to the State's question regarding Taylor's guilty plea.
A general objection raises only the question of relevance.
People v. Buie, 238 Ill. App. 3d 260, 275, 606 N.E.2d 279 (1992).
Because defense counsel did not specifically object on sixth
amendment grounds, we could find the general objection resulted
in the forfeiture of the Crawford issue.  See People v. Simms,
168 Ill. 2d 176, 193, 659 N.E.2d 922 (1995) ("A general objection
results in a waiver of the claim of error unless (1) the grounds
for the objection were clear from the record, (2) trial counsel's
assistance was ineffective, or (3) there was plain error.")
However, we choose to consider the merits of defendant's
contention. See People v. Roberts, 299 Ill. App. 3d 926, 931, 702
N.E.2d 249 (1998) ("[W]aiver is a bar upon the parties and not
upon the court.")  We also observe the State does not contend in
its brief that defendant's general objection waived the
confrontation issue.

The sixth amendment's confrontation clause provides that,
"[i]n all criminal prosecutions, the accused shall enjoy the
right *** to be confronted with the witnesses against him."  U.S.
Const., amend. VI.  In Crawford, the Supreme Court held the
confrontation clause bars the "admission of testimonial
statements of a witness who did not appear at trial unless he was
unavailable to testify, and the defendant had a prior opportunity

-6-

for cross-examination." <u>Crawford</u>, 541 at 68, 124 S. Ct. at 1374, 158 L. Ed. 2d at 203.

The Court declined to specifically define what constitutes a "testimonial" statement. However, it gave some examples of testimonial statements--testimony at preliminary hearings, testimony before a grand jury or at a prior trial, in-court guilty plea statements of co-conspirators to show existence of a conspiracy, and statements made during police questioning, including accomplice statements and statements against penal interest. <u>Crawford</u>, 541 at 68, 124 S. Ct. at 1374, 158 L. Ed. 2d at 203; <u>People v. Thompson</u>, 349 Ill. App. 3d 587, 594, 812 N.E.2d 516 (2004).

No Illinois case has directly addressed whether a co-defendant's guilty plea should be considered a testimonial statement under <u>Crawford</u>. Illinois courts have noted, however, that a guilty plea is tantamount to a confession. See <u>People v. Hunter</u>, 331 Ill. App. 3d 1017, 1025, 772 N.E.2d 380 (2002) ("A judicial confession is a voluntary acknowledgment of guilt during a judicial proceeding, such as a plea of guilty.") The <u>Crawford</u> court specifically condemned admitting an accomplice's or co-defendant's confession into evidence. <u>People v. Brown</u>, 363 Ill. App. 3d 838, 850, 842 N.E.2d 1141 (2005), citing <u>Crawford</u>, 541 U.S. at 63-64, 124 S. Ct. at 1371-72, 158 L. Ed. 2d at 200.

1-05-2110

Because a co-defendant's confession is clearly considered "testimonial," we find a co-defendant's guilty plea should also be considered "testimonial" within the meaning of Crawford. See Crawford, 541 at 51-52, 124 S. Ct. at 1364, 158 L. Ed. 2d at 193; Brown, 363 Ill. App. 3d at 850. Defendant did not have an opportunity to cross-examine Taylor.

Notwithstanding, the State contends Crawford does not apply here because the guilty plea was used merely to impeach Armstead's testimony, not for its truth and not as substantive evidence of defendant's guilt. The State contends the confrontation clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Crawford, 541 U.S. at 59 n.9, 124 S. Ct. at 1369, 158 L. Ed. 2d at 197, citing Tennessee v. Street, 471 U.S. 409, 414, 105 S. Ct. 2078, 85 L. Ed. 2d 425 (1985). The State notes circumstances "may be developed on cross-examination that lie 'within the knowledge of the witness which explain, qualify or destroy' the direct examination of the witness." People v. Hernandez, 313 Ill. App. 3d 780, 786, 730 N.E.2d 1166 (2000).

The State's position in this case borders on the frivolous. The constant repetition of the impeachment theory in the State's brief does little to improve its merit. Taylor's guilty plea did not impeach Armstead or render his testimony implausible.

-8-

Armstead testified he paid defendant $25 to help him remodel an apartment. He admitted he was not actually present when the alleged drug transactions took place. Taylor's guilty plea had absolutely no bearing on Armstead's limited testimony. Testimony regarding Taylor's guilty plea had no probative value as impeachment of Armstead.

Contrary to the State's contention, the co-defendant's guilty plea was clearly admitted to establish the truth of the matter asserted, namely that the co-defendant had admitted guilt to the same crime defendant was charged with. The guilty plea served as direct evidence of defendant's guilt. As our supreme court noted in Sullivan, "[a] defendant who is separately tried is entitled to have his guilt or innocence determined upon the evidence against him without being prejudged according to what has happened to another." See Sullivan, 72 Ill. 2d at 42.

Under Crawford, the admission of the testimony regarding Taylor's guilty plea violated the confrontation clause. See Crawford, 541 U.S. at 51-52, 124 S. Ct. at 1364, 158 L. Ed. 2d at 193; People v. Patterson, 217 Ill. 2d 407, 423, 841 N.E.2d 889 (2005); Thompson, 349 Ill. App. 3d at 593.

Our analysis does not end here, however. We must now determine whether the admission of testimony regarding Taylor's guilty plea was harmless beyond a reasonable doubt. See Chapman

1-05-2110

v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967); Patterson, 217 Ill. 2d at 428 ("we conclude that Crawford violations are subject to harmless-error analysis"); People v. Sullivan, 366 Ill. App. 3d 770, 785, 853 N.E.2d 754 (2006).

In Patterson, the supreme court recognized "three different approaches for measuring error under this harmless-constitutional-error test: (1) focusing on the error to determine whether it might have contributed to the conviction, (2) examining the other evidence in the case to see if overwhelming evidence supports the conviction, and (3) determining whether the improperly admitted evidence is merely cumulative or duplicates properly admitted evidence." Patterson, 217 Ill. 2d at 428, citing People v. Wilkerson, 87 Ill. 2d 151, 157, 429 N.E.2d 526 (1981).

Here, Officer May testified he saw three different people approach defendant and Samuel Taylor. After each person handed defendant an amount of money, defendant would turn around and hold his index finger in the air to signal Taylor. Taylor would then walk to a flower pot near the corner, pick up a brown vial, remove an object, and hand the object to the person who handed defendant the money. The officers recovered a brown vial from the flower pot with twenty-six plastic packets inside, each

-10-

containing an amount of "white rocky substance." The 15 packets tested for narcotics indicated the presence of cocaine. Even without Armstead's testimony regarding Taylor's guilty plea, Officer May's testimony was more than sufficient to support the conviction. We find the State's evidence in this case was overwhelming. See Sullivan, 366 Ill. App. 3d at 785

We also note the State never mentioned Taylor's guilty plea during opening statement or closing argument. Moreover, nothing in the record indicates the trial court actually considered the guilty plea in determining defendant's guilt. At a bench trial, the trial judge is presumed to know the law and to consider only proper evidence in rendering judgment. People v. Gonzalez, 268 Ill. App. 3d 224, 231, 643 N.E.2d 1295 (1994); People v. Todd, 154 Ill. 2d 57, 69, 607 N.E.2d 1189 (1992).

The defendant contends the trial judge must have considered the guilty plea evidence because he overruled the defense objection to its admissibility.

In People v. Alford, 111 Ill. App. 3d 741, 444 N.E.2d 576 (1982), relied on by defendant, the trial court overruled an objection to uncharged other crimes evidence offered in a bench trial. This court determined the evidence was improperly admitted. We held reversal was required for two reasons: first, overruling the objection meant the trial judge must have thought

the evidence had some probative value; second, the trial court made comments that indicated it was considering the improper evidence. Alford, 111 Ill. App. 3d at 744.

In People v. Barbour, 106 Ill. App. 3d 993, 436 N.E.2d 667 (1982), cited in Alford, the trial court overruled the defense objections to other crimes evidence and made comments that indicated it considered highly prejudicial propensity evidence when reaching its guilty verdict. Barbour, 106 Ill. App. 3d at 1002. In both Alford and Barbour it was the combination of ruling and comment that rebutted the presumption only admissible evidence was used to convict the defendants. Muddying the waters in this case is defense counsel's failure to raise the Confrontation Clause in its objection. We cannot know why the trial court overruled the objection.

In this case, the trial court never suggested it was considering the guilty plea evidence. It analyzed other, persuasive, admissible evidence when reaching its verdict.

We find the State's single, isolated reference to Taylor's guilty plea was harmless beyond a reasonable doubt. See Patterson, 217 Ill. 2d at 437; Sullivan, 366 Ill. App. 3d at 785.

II. Redirect Testimony

Defendant contends the trial court erred by failing to allow defense counsel to elicit the reason for Taylor's guilty plea

1-05-2110

during Armstead's redirect, violating his right to a fair trial.

The scope of redirect examination is within the sound discretion of the trial court, and its ruling will not be disturbed absent a clear abuse of discretion resulting in manifest prejudice to the defendant. People v. Crisp, 242 Ill. App. 3d 652, 658, 609 N.E.2d 740 (1992).

In this case, when defense counsel asked whether Taylor was to be held in custody until his trial, Armstead responded: "He plead guilty because he told me that he had got another job." The trial court sustained the State's hearsay objection. Although defendant admits the question posed elicited a hearsay response, he argues the court should have permitted it under the doctrine of curative admissibility. We disagree.

Under the doctrine of curative admissibility, a party may present inadmissible evidence where necessary to cure undue prejudice resulting from an opponent's introduction of similar evidence. People v. Liner, 356 Ill. App. 3d 284, 292-93, 826 N.E.2d 1274 (2005). "The doctrine is limited in scope, is merely protective, and goes only as far as necessary to shield a party from unduly prejudicial inferences raised by the other side." Liner, 356 Ill. App. 3d at 293.

Here, the defendant was allowed to question Armstead concerning the circumstances leading to Taylor's guilty plea.

-13-

Armstead testified Taylor did not appear in court on March 24 because his car broke down during his drive from St. Louis. After his mother and sister picked him up, Taylor appeared in court the next day and was immediately arrested. Taylor pled guilty soon after. The trial court barred defense counsel from eliciting a purely hearsay statement from Armstead. Defense counsel chose not to rephrase the question or pursue the issue further. Even without Armstead's hearsay response, we find the gist of defense counsel's questioning remained clear. Armstead's response was not necessary to shield defendant from any prejudice stemming from the admission of Taylor's guilty plea. See Liner, 356 Ill. App. 3d at 293. Besides, we have held there is no indication Taylor's guilty plea was used by the trial court when it convicted the defendant.

Accordingly, in light of the record before us, we find the trial court did not err in sustaining the State's hearsay objection.

III. Violent Crime Victims Assistance Fund

Defendant contends the trial court erred in imposing a $20 fine for the Violent Crime Victims Assistance Fund. 725 ILCS 240/10(c)(2) (West 2004). According to the section imposing the fine, the fine may be assessed only when no other fines have been imposed. 725 ILCS 240/10(c)(2) (West 2004). The State agrees

that this court should vacate the fine because other fines, such as the drug assessment fine and Trauma Fund Fine, were assessed on the defendant. We agree. Accordingly, we vacate the $20 Violent Crime Victims Assistance Fund fine.

IV. Credit Against Mandatory Drug Assessment

The defendant and the State agree he is entitled to a $295 credit against his controlled substance assessment fine for the time he spent in custody prior to sentencing. Defendant was assessed a $1000 drug assessment fine. 720 ILCS 570/411.2(I) (West 2004). Pursuant to section 110-14 of the Code of Criminal Procedure, defendant should receive a credit of $5 per day for the 30 days he spent in custody prior to sentencing, as long as that amount does not exceed the amount of fines imposed. 725 ILCS 5/110-14(a) (West 2004). The credit applies to the drug assessment fine. People v. Jones, 233 Ill. 2d 569, 592, 861 N.E.2d 967 (2006). Accordingly, we order that the fees and costs order be modified to reflect a $295 credit towards defendant's drug assessment fine.

V. Spinal Cord Fund Fee

Defendant has abandoned his constitutional challenge to the $5 charge payable to the Spinal Cord Injury Paralysis Cure Research Trust Fund (730 ILCS 5/5-9-1.1(c) (West 2004)) following the supreme court's decision in Jones, 223 Ill. 2d at 605,

1-05-2110

finding the statute constitutional.  We do not disturb the trial court's imposition of the $5 charge.

CONCLUSION

We affirm the trial court's judgment.  We vacate the $20 Violent Crime Victims Assistance Fund fine, and we modify the fees and costs order to reflect a $295 credit towards defendant's drug assessment fine.

Affirmed in part, vacated in part, and modified.

HOFFMAN, and HALL, JJ., concur.