**FIRST DIVISION**

No. 1-06-2771

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CR 26405 |
| | ) | |
| ROBERTO VILLANUEVA, | ) | Honorable |
| | ) | Clayton J. Crane, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Defendant Roberto Villanueva was convicted of one count of leaving the scene of a motor vehicle accident involving death or personal injury pursuant to section 11-401(a) of the Illinois Vehicle Code (Vehicle Code) following a bench trial. 625 ILCS 5/11-401(a) (West 2006). A sentencing hearing was conducted where mitigation and aggravation were presented. The trial court sentenced defendant to 2 years of probation and 60 hours of community service. Defendant filed a posttrial motion for a new trial, which was denied. Defendant appeals, arguing that (1) the trial court erred by admitting hearsay evidence from the victim that she was diagnosed with a mild concussion, and (2) his trial counsel was ineffective. We affirm.

BACKGROUND

On July 17, 2005, at approximately 12:30 a.m., Wendy Gray was driving east on Pratt Avenue in Chicago. At trial, Ms. Gray testified that the roads were dry and there was minimal traffic on the roadways. As Ms. Gray proceeded through the green light at Ridge, she noticed a set of headlights coming toward her. The front end of that vehicle, traveling south on Ridge Avenue struck the driver's side of Ms. Gray's vehicle in the intersection. After the collision, Ms. Gray moved her vehicle to the side of the road.

Ms. Gray testified that she was traveling 30 miles per hour through the intersection when the collision occurred. She testified that the vehicle that struck her looked like a truck because the headlights appeared higher than the lights in a regular passenger vehicle. Two men from a nearby apartment complex came to Ms. Gray's aid and called 911 from her cellular telephone. Ms. Gray testified that she suffered some bruising on the left side of her body and a "goose egg" bump on her head. She felt dizzy, her head was pounding, and it was sore to touch. An ambulance arrived in response to the 911 call within five minutes and transported her to a hospital where she was treated with ibuprofen for pain. Ms. Gray was interviewed by two police officers at the hospital.

Ms. Gray testified that she never saw the person driving the vehicle that struck her and that no one at the scene of the accident identified himself or herself as the driver of that vehicle.

Officer Charles Steele testified that he and his partner, Officer Kevin Casey, were on duty in a patrol car around 12:30 a.m. on July 17, 2005, when they received a radio

dispatch regarding a vehicle collision at Pratt and Ridge Avenues in Chicago. Upon arriving at the scene of the accident, Officer Steele observed a heavily damaged motor vehicle and paramedics treating Ms. Gray. Officer Steele testified that Ms. Gray's vehicle was the only damaged vehicle at the scene.

Ms. Gray explained to Officer Steele how the accident occurred. Officer Steele and his partner left the scene of the accident a short time after Ms. Gray was taken to the hospital. At the hospital, Officer Steele spoke with Ms. Gray and emergency room personnel. The officers prepared a written report and gave a copy to Ms. Gray. Shortly thereafter, the officers returned to the Pratt/Ridge intersection.

Officer Steele testified that he and his partner observed a trail of fluid and debris at the accident site leading eastbound on Pratt, which appeared to be radiator fluid. The officers followed the trail eastbound for about a block and a half and then continued as the trail led northbound on Ravenswood Avenue. The trail finally led westbound on Farwell Avenue for about half a block, and ended at a black sports utility vehicle (SUV) with front-end damage, parked at 1848 West Farwell Street, about a quarter mile from the scene of the accident.

As the officers examined the SUV and began to investigate their findings by collecting information, including the vehicle's vehicle identification number (VIN), defendant approached them from 1848 West Farwell Street and stated that the SUV belonged to him and that he was in a collision at the intersection of Pratt and Ridge when he went through a red light. Officer Steele testified that defendant made the above

statements "clearly in English." The officers asked defendant for his driver's license and proof of insurance, but he was unable to provide either. Officer Steele testified that he completed a traffic accident report and arrested defendant for traffic violations. Defendant never told the officers that he had attempted to report the accident.

Following a bench trial with the assistance of a Spanish interpreter, defendant was found guilty of leaving the scene of a motor vehicle accident involving death or personal injury. Defendant filed this timely appeal.

ANALYSIS

On appeal, defendant argues that his conviction of leaving the scene of an accident involving personal injury must be reversed because the trial court erred by admitting hearsay evidence from the victim that she was diagnosed with a mild concussion. Defendant claims the improperly admitted hearsay evidence supplied the necessary evidence that the victim suffered a personal injury, which is an essential element of the charged offense.

At trial, Ms. Gray testified that as a result of defendant colliding with her vehicle, she suffered a "goose egg" bump on her head and some bruising on the left side of her body. Ms. Gray testified that after the collision, she felt dizzy, her head was pounding, and it was sore to touch. An ambulance arrived within five minutes of the 911 call made from Ms. Gray's cellular telephone and transported her to a hospital. Ms. Gray testified, over objection, that she was diagnosed with a mild concussion and given ibuprofen for pain at the hospital.

4

Although defendant did make a general objection to Ms. Gray's testimony at trial, he acknowledges that no specific hearsay objection was made and that he did not raise the specific issue again in a posttrial motion. "A general objection raises only the question of relevance." *People v. Duff*, 374 Ill. App. 3d 599, 602 (2007), citing *People v. Buie*, 238 Ill. App. 3d 260, 275 (1992). Normally, a general objection results in the forfeiture of the hearsay issue. *Duff*, 374 Ill. App. 3d at 602, citing *People v. Simms*, 168 Ill. 2d 176, 193 (1995) ("A general objection results in a waiver of the claim of error unless (1) the grounds for the objection were clear from the record, (2) trial counsel's assistance was ineffective [citation], or (3) there was plain error"). Nevertheless, we will address the merits of defendant's contention. *Duff*, 374 Ill. App. 3d at 602-03, citing *People v. Roberts*, 299 Ill. App. 3d 926, 931 (1998) ("[W]aiver is a bar upon the parties and not upon the court").

We begin our analysis with defendant's contention that Ms. Gray's testimony concerning the emergency room doctor's hearsay diagnosis of a mild concussion supplied the evidence necessary to convict him by setting forth the relevant statutory provisions. Section 11-401 of the Vehicle Code provides:

"Sec. 11-401. Motor Vehicle accident involving death or personal injuries.

(a) The driver of any vehicle involved in a motor vehicle accident resulting in personal injury to or death of any person shall immediately stop such vehicle at the scene of such accident, or as close thereto as

possible and shall then forthwith return to, and in every event shall remain at the scene of the accident until the requirements of Section 11-403 have been fulfilled. Every stop shall be made without obstructing traffic more than is necessary.

(b) ***

For purposes of this Section, personal injury shall mean any injury requiring immediate professional treatment in a medical facility or doctor's office." 625 ILCS 5/11-401 (2006).

Section 11-403 of the Vehicle Code provides:

"§ 11-403. Duty to give information and render aid. The driver of any vehicle involved in a motor vehicle accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give the driver's name, address, registration number and owner of the vehicle the driver is operating and shall upon request and if available exhibit such driver's license to the person struck or the driver or occupant of or a person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such

6

carrying is requested by the injured person." 625 ILCS 5/11-403 (West 2006).

In order to support a conviction under section 11-401(a) of the Vehicle Code, the State must establish that the defendant was involved in an accident, the accident resulted in injury or death to a person, and the defendant left the scene of the accident without rendering aid or leaving the information required by section 11-403 of the Vehicle Code. 625 ILCS 5/11-401(a), 11-403 (West 2006). As noted, in the case of personal injury under section 11-401(a) of the Vehicle Code, the personal injury resulting to the victim must be an "injury requiring immediate professional treatment in a medical facility or doctor's office." 625 ILCS 5/11-401 (West 2006). In addition, the State must prove that the defendant knew he was involved in an accident, but it is not required to prove that the defendant knew the accident caused an injury. *People v. Janik*, 127 Ill. 2d 390, 399 (1989).

Defendant argues that reversible error occurred because absent the testimony that Ms. Gray suffered a mild concussion, it is likely that the trier of fact would have found that there was insufficient evidence that Ms. Gray had suffered a personal injury as contemplated by section 11-401(a) of the Vehicle Code. Defendant argues that Ms. Gray's injuries, including the bruising on the left side of her body, a "goose egg" bump on her head, headache, and dizziness were not sufficient to establish that she had suffered personal injuries "requiring immediate professional treatment in a medical facility or doctor's office." 625 ILCS 5/11-401 (West 2006). In support of his argument, defendant

points to the fact that Ms. Gray was prescribed only ibuprofen for her injuries, leading to the conclusion that Ms. Gray's injuries were not serious. Defendant states that the administration of ibuprofen for pain was not treatment for Ms. Gray's injuries. Defendant also states that Ms. Gray was able to move her vehicle out of the intersection without assistance, indicating that she was not injured to the extent of "requiring immediate professional treatment in a medical facility or doctor's office." Defendant's argument is not persuasive. We find that even in the absence of the testimony regarding the diagnosis of Ms. Gray's mild concussion, the injuries that she received sufficed to trigger defendant's duties under sections 11-401 and 11-403 of the Vehicle Code.

Firstly, it is undisputed that Ms. Gray suffered a "goose egg" bump on her head and some bruising on the left side of her body. She testified that after the collision, she felt dizzy, her head was pounding, and it was sore to touch. Based upon the foregoing, emergency personnel that arrived shortly after the motor vehicle accident rendered her aid and decided to transport her to the hospital, where she was examined and received medical treatment for her injuries.

Furthermore, one of the declared purposes of sections 11-401 and 11-403 of the Vehicle Code is to encourage those who cause a motor vehicle accident to investigate whether the injured party requires medical attention. *People v. Jack*, 282 Ill. App. 3d 727, 734 (1996). In *Jack*, the court noted that " '[a]n obvious purpose of the statute is to assure that injured victims of accidents be given prompt medical attention.' " *Jack*, 282 Ill. App. 3d at 734. The *Jack* court also noted that "[a]n investigation is usually necessary to meet the requirements of section 11-403, *i.e.*, stop, render aid, and provide information. Therefore, a person who knows he is in an accident, but fails to investigate, usually fails to even attempt compliance with section 11-403." *Jack*, 282 Ill. App. 3d at 734. In the instant case, defendant knew he was in an accident, but failed to investigate.

8

Like the defendant in *Jack*, defendant failed to even attempt compliance with section 11-403 of the Vehicle Code.

Based upon the foregoing, we conclude that the evidence in this case, even in the absence of the testimony regarding Ms. Gray's mild concussion, was sufficient to prove defendant guilty for leaving the scene of a motor vehicle accident in violation of section 11-401(a) of the Vehicle Code. 625 ILCS 5/11-401(a), 11-403 (West 2006).

Defendant then argues that he is entitled to a new trial because he received ineffective assistance of counsel. Defendant argues that his trial attorney's failure to call witnesses that would have testified that defendant could not speak English would have rebutted Officer Steele's testimony and as a result deprived him of a fair trial. Furthermore, defendant argues that introducing testimony that would have rebutted Officer Steele's testimony would have shown that the officer was a "liar" and would have caused the trial court to view all the evidence in a light more favorable to defendant.

The Illinois Supreme Court has held that, to determine whether a defendant was denied his or her right to effective assistance of counsel, an appellate court must apply the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 674, 104 S. Ct. 2052 (1984). *People v. Colon*, 225 Ill. 2d 125, 135 (2007), citing *People v. Albanese*, 104 Ill. 2d 504 (1984) (adopting *Strickland*). Under *Strickland*, a defendant must prove both (1) his attorney's actions constituted errors so serious, as to fall below an objective standard of reasonableness; and (2) absent these errors, there was a reasonable probability that his trial would have resulted in a different outcome. *People v. Ward*, 371 Ill. App. 3d 382, 434 (2007), citing *Strickland*, 466 U.S. at 687-94, 80 L. Ed. 2d at 693-98, 104 S. Ct. at 2064-68.

Under the first prong of the *Strickland* test, the defendant must prove that his counsel's performance fell below an objective standard of reasonableness "under prevailing professional norms." *Colon*, 225 Ill. 2d at 135; *People v. Evans*, 209 Ill. 2d 194, 220 (2004). Under the second prong, the defendant must show that, "but for" counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *Colon*, 225 Ill. 2d at 135; *Evans*, 209 Ill. 2d at 220. "[A] reasonable probability that the result would have been different is a probability sufficient to undermine confidence in the outcome – or put another way, that counsel's deficient performance rendered the result of the trial unreliable or fundamentally unfair." *Evans*, 209 Ill. 2d at 220; *Colon*, 225 Ill. 2d at 135.

To prevail, the defendant must satisfy both prongs of the *Strickland* test. *Colon*, 225 Ill. 2d at 135; *Evans*, 209 Ill. 2d at 220. "That is, if in an effective-assistance claim can be disposed of because the defendant suffered no prejudice, we need not determine whether counsel's performance was deficient." *People v. Graham*, 206 Ill. 2d 465, 476 (2003). We do not need to consider the first prong of the *Strickland* test, when the second prong cannot be satisfied. *Graham*, 206 Ill. 2d at 476.

"With respect to establishing prejudice, ' "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test. *** " [Citation.] Rather,

a defendant is required to show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." ' " *People v. Negron*, 297 Ill. App. 3d 519, 537 (1998), quoting *People v. Collins*, 106 Ill. 2d 237, 274 (1985), quoting *Strickland*, 466 U.S. at 693, 695, 80 L. Ed. 2d at 697-98, 104 S. Ct. at 2067, 2069.

In the case at bar, defendant does not point to any potentially favorable witnesses which his counsel failed to call who would have testified that defendant could not speak English. The record itself does not disclose any. Furthermore, there is no evidence in the record establishing how a potential witness would have testified if called, and accordingly, there is no basis for a conclusion that the fact finder would have had a reasonable doubt regarding guilt if defense counsel had done what defendant suggests.

Despite the foregoing, defendant asks us to draw an inference that at least one witness existed that would have testified that he could not speak English. Defendant argues that we can draw the inference based on the fact that defendant required a Spanish interpreter at trial, required a Spanish interpreter to explain to him that his sentencing must be postponed when his trial counsel fractured her foot and could not attend the hearing, and based upon a probation officer's observation that defendant could not speak English in defendant's presentence investigation report.

However, defendant's argument fails because it asks us to venture outside the record in this case. Because defendant cannot establish prejudice based upon the record before us, defendant's claim of ineffective assistance fails.[1]

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

WOLFSON and GARCIA, JJ., concur.

---

[1] Defendant may raise issues that require consideration of matters outside of the record, specifically a claim of ineffective assistance of counsel, in a timely petition for postconviction relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2006)) or "perhaps *section 2-1401* of the Code of Civil Procedure" (735 ILCS 5/2-1401 (West 2006)). *Negron*, 297 Ill. App. 3d at 538 n.5.

_____

**Please use the**
**following form:**

|  |
|---|

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

ROBERTO VILLANUEVA,

Defendant-Appellant.

**Complete**
**TITLE**
**of Case.**

_____

**Docket No.**     No. 1-06-2771

Appellate Court of Illinois

**COURT**     First District, First Division

APRIL 21, 2008

**Opinion Filed**    (Month, Day and Year)

_____

**JUSTICES**    JUSTICE ROBERT E. GORDON delivered the opinion of the court.

WOLFSON and GARCIA, JJ., concur.

_____

**APPEAL from the** Lower Court and Trial Judge(s) in form indicated
**Circuit Court** in margin:
**of Cook County;** Appeal from the Circuit Court of Cook County.
**the Hon:_____**
**Judge Presiding** Honorable Clayton J. Crane, Judge Presiding.

_____

**For APPELLANTS** Indicate if attorney represents APPELLANTS or
**John Doe of** APPELLEES and include attorneys of counsel.
**Chicago.** Indicate the word NONE if not represented.
**For APPELLEES,** _____
**Smith and**     Office of the State Appellate Defender
**Smith, of**     Michael Pelletier - Deputy Defender
**Chicago.**     Justyna Garbaczewska - Assistant Appellante
**Brown,**     Defender
**of Counsel.**     Chicago, Illinois   60601
    Attorneys for Appellant

    Richard A. Devine - State's Attorney
    Chicago, Illinois   60602
    Attorneys for Appellee
    Attn: James Fitzgerald; Marie Q. Czech,

No. 1-06-2771

**Also add atty. ]**　　　　　Barry Quinn
**for third party]**　　　　　OF COUNSEL
**appellants　　]**
**or appellees.　]**
　　　　　　　　**]**
_____(USE REVERSE SIDE IF NEEDED_____