FIRST DIVISION
September 29, 2008

No. 1-06-0924

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| MARVIN EXSON, | ) | Honorable |
| | ) | Mary M. Brosnahan, |
| Defendant-Appellant. | ) | Judge Presiding. |

Modified Upon Denial of Rehearing

JUSTICE WOLFSON delivered the opinion of the court:

The defendant was found guilty by a jury of two counts of possession of a controlled substance. He was sentenced to concurrent terms of three years in prison. The only issue in this case is whether the defendant's statutory right to a speedy trial was violated when the trial court granted the State a 30-day extension of the 120-day trial term. We conclude it was. We reverse the trial court's judgment and remand the cause with directions to enter an order discharging the defendant.

FACTS

Defendant was arrested on March 2, 2005, for possession of cocaine and heroin. Defendant was unable to post bond and remained incarcerated until April 13, 2005, when he was placed on an electronic home monitoring program. Defendant filed a motion to quash his arrest and suppress evidence on May 2, 2005, alleging he was arrested without probable cause. On June 9, 2005, defendant made a demand for trial, but the State answered

it was not ready to proceed. The matter was continued until August 3, 2005. On that date, the State filed another motion to continue the cause to August 22, 2005. The motion was granted. Defendant again demanded trial.

On August 22, 2005, defendant requested leave to withdraw his motion to quash, demanded trial, then asked to reinstate his motion to quash and suppress. The State objected to the reinstatement of the motion because only one day remained before the expiration of the 120-day speedy trial period. The trial court overruled the objection and conducted a hearing in the matter. The court then denied the motion and defendant answered ready for jury trial.

The State responded it was not ready to proceed with a jury trial because it had not located the chemist who conducted the forensic testing of the drugs seized from defendant and requested a continuance. The State explained it was under the impression that defendant was going to be tried by the judge, and therefore assumed defendant's attorney, an assistant Cook County public defender, would stipulate to the results of the forensic testing, as was the custom of that office.

Defense counsel objected to the continuance, noting she never indicated her client would stipulate to the forensic test results. She acknowledged that the matter was set for a bench trial, and that it was the custom of her office to stipulate to

laboratory results in bench trials involving narcotics possession. She said she never indicated this custom would not be followed in this case, although the Assistant State's Attorney never asked. She said defendant had a right to a jury trial, had never waived that right, and was ready to proceed to trial.

When asked to explain its search for the chemist, the State informed the court that after it learned of defendant's jury trial demand that morning it called the Illinois State Police Crime Laboratory and was told the chemist who performed the analysis was no longer employed there. The State also tried to locate the chemist through her last known address and telephone number, but was unsuccessful. This was the State's first attempt to contact the chemist.

At the conclusion of this hearing, the trial court granted the State's request for a 30-day continuance, to September 19, 2005. In doing so, the court noted that it is "the custom of the parties when a bench trial is indicated that stipulations to toxicology evidence is normally anticipated" and that it did not think "it was unreasonable for the State to assume that the lab would be stipulated" in this case. The court further observed that the matter was set for a bench trial that day, and understood "how the State would not under these circumstances begin it's efforts to locate the analyst in this case." The court found the State's efforts to contact the chemist after it

was informed of defendant's jury demand constituted due diligence.

On September 19, 2005, the trial was continued by agreement to November 21, 2005, due to the absence of defense counsel. On November 21, before the jury trial began, defendant filed a motion to dismiss the charges based on a lack of due diligence by the State in locating the chemist, in violation of his statutory right to a speedy trial. The trial court denied the motion. At trial, the former Illinois State Police chemist who analyzed the recovered items testified. She said her analysis determined the evidence seized from the defendant contained cocaine and heroin. The defense contested the chain of custody.

DECISION

The issue is the propriety of the order granting the State a 30-day extension to locate the chemist. Defendant contends the State did not act with due diligence to locate the chemist prior to trial, and that it should not have presumed the defense would stipulate to the laboratory results. Defendant contends the trial court improperly continued the matter beyond the statutory speedy-trial period. The State does not deny electronic home monitoring is equivalent to incarceration, nor does it deny the statutory speedy trial period would have run absent the trial court's finding of due diligence and granting of the 30-day extension.

-4-

A defendant has a right to a speedy trial under both the Federal and Illinois Constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8), as well as under Illinois statute (725 ILCS 5/103-5 (West 2004)); however, these rights are not precisely equivalent (People v. Staten, 159 Ill. 2d 419, 426, 639 N.E.2d 550 (1994)).  In order to prove a statutory violation, defendant need only show that despite his demand for trial he has not been tried within the period set by statute and that he has not caused or contributed to the delays.  Staten, 159 Ill. 2d at 426.  Proof of the constitutional violation, by contrast, requires consideration of the length of the delay in trial, the reasons for the delay, the defendant's assertion of the speedy-trial right, and prejudice to the defendant caused by such delay. Staten, 159 Ill. 2d at 426.  When a statutory speedy-trial violation is alleged, "the statute operates to prevent the constitutional issue from arising except in cases involving prolonged delay, or novel issues."  Staten, 159 Ill. 2d at 426 (quoting People v. Stuckey, 34 Ill. 2d 521, 523, 216 N.E.2d 785 (1966)).  In this case, defendant's speedy trial claim is statutory, not constitutional.

In Illinois, every incarcerated defendant must be tried within 120 days from the date he was taken into custody except in circumstances not present here.  725 ILCS 5/103-5(a) (West 2004). If he is not, the court must release him from custody and dismiss

the charges against him.  725 ILCS 5/103-5(d) (West 2004).

The period in which defendant must be tried, however, may be extended once by up to 60 days where the State has been unable to obtain evidence despite its due diligence and has provided reasonable grounds for the court to believe that it will do so at a later date.  725 ILCS 5/103-5(c) (West 2004).  The decision to extend the speedy trial period beyond 120 days lies within the discretion of the trial court, and we will not disturb its determination absent a clear abuse of discretion.  People v. Richards, 81 Ill. 2d 454, 458, 410 N.E.2d 833 (1980).

I. Forfeiture of the Issue

The State contends defendant forfeited his right to assert a speedy trial claim because he failed to raise the issue in his post-trial motion.  See People v. Enoch, 122 Ill. 2d 176, 186, 522 N.E.2d 1124 (1988) (both a trial objection and a written post-trial motion raising the issue are required "for alleged errors that could have been raised during trial.")

Defendant acknowledges the omission.  He contends it was not necessary for him to raise the issue in his post-trial motion given the numerous objections he made to the extension at trial. Defendant also contends his claim fits within the constitutional exception to the waiver doctrine recognized in Enoch, 122 Ill. 2d at 190 ("when the defendant fails to comply with the statutory requirement to file a post-trial motion, our review will be

limited to constitutional issues which have properly been raised at trial and which can be raised later in a post-conviction hearing petition [citation], sufficiency of the evidence, and plain error.")

Reviewing courts in this state have applied the waiver doctrine in circumstances where, as here, defendant failed to assert his speedy trial claim in a post-trial motion.  See e.g., People v. Peco, 345 Ill. App. 3d 724, 728, 803 N.E.2d 561 (2004); People v. Turley, 235 Ill. App. 3d 917, 919, 601 N.E.2d 305 (1992).

Several appellate court decisions have taken the position that "waiver is a bar upon the parties and not upon the court." For example, see People v. Villanueva, 382 Ill. App. 3d 301, 305, 887 N.E.2d 765 (2008), quoting People v. Roberts, 299 Ill. App. 3d 926, 931, 702 N.E.2d 249 (1998).  Roberts relied on the supreme court's statement in Wagner v. City of Chicago, 166 Ill. 2d 144, 149, 651 N.E.2d 1120 (1995).  Wagner is a civil case, but does not limit its view of waiver to civil cases.  See also In re Marriage of Sutton, 136 Ill. 2d 441, 446, 557 N.E.2d 869 (1990) ("The rule of waiver is, of course, a limitation on the parties and not the courts.")

We also observe that three dissenters in a recent supreme court decision, People v. Heider, No. 103859, slip op. at 21 (May 22, 2008), referred to the "forfeiture is a limitation on the

parties" basis for review, used in that case by the appellate court to reach a sentencing issue, as an "oft-misused and misunderstood statement ***."

Still, the Heider majority held the purpose of preserving a claim of error was met and there was no forfeiture "where the trial court clearly had an opportunity to review the same essential claim that was later raised on appeal ***." Heider, slip op. at 14.

In this case, defendant vigorously objected to the State's request for a 30-day continuance in order to locate the chemist and prepare her for trial. Defense counsel also filed a motion to dismiss based on the State's lack of due diligence in locating the chemist prior to trial; the motion was denied by the trial court. Based on the trial court's comments in granting the State's motion for a continuance, we fail to see how raising the issue in a written post-trial motion would have changed the outcome in the trial court. See People v. Van Dyk, 40 Ill. App. 3d 275, 278, 352 N.E.2d 327 (1976) ("The purpose of the salutory rule requiring a defendant to file a motion for a new trial which specifies the grounds in order to preserve issues for appeal is to allow the trial court to correct possible errors and thereby eliminate unnecessary reviews and reversals.")

Although we recognize defendant's speedy trial claim is statutorily--not constitutionally--based, defendant's rights

under the statute are underpinned by his right to a speedy trial under both the Federal and Illinois Constitutions. See People v. Battles, 311 Ill. App. 3d 991, 997, 724 N.E.2d 997 (2000) ("The speedy trial statute enforces a constitutional right. Therefore, the statute *** must be liberally construed in defendant's favor.") In light of the above factors, we will consider the merits of defendant's contention.

II. Due Diligence

The test of due diligence is whether the State began efforts to locate its witness in sufficient time to secure her presence before the speedy trial term expired. People v. Gray, 326 Ill. App. 3d 906, 910, 761 N.E.2d 1237 (2001).

Here, the State admits it made no attempt to contact the chemist until the 119th day of the 120-day trial term, the day defendant's trial was scheduled to begin. After it learned of defendant's jury trial demand that morning, the State called the Illinois State Police Crime Laboratory and was told the chemist who performed the analysis no longer was employed there. The State then tried to locate the chemist through her last known address and telephone number, but was unsuccessful. Because the State failed to make any meaningful attempt to contact the chemist until the 119th day defendant was in custody, its only recourse was to request a 30-day continuance. We fail to see how the State's actions in attempting to contact the chemist on the

119th of the 120-day period rise to the level of due diligence as that term is used in section 2/103-5(c).

Black's Law Dictionary defines diligence as "a continual effort to accomplish something," or "care, caution; the attention required from a person in a given situation."  Black's Law Dictionary 468 (7th ed. 1999).  Whatever "due diligence" means, it cannot be defined as ignoring or doing nothing about a statutory requirement.

The State contends it did not have to show due diligence before the 119th day because it had no reason to believe the chemist's testimony was necessary until defendant demanded a jury trial, veering from the public defender's established custom of stipulating to lab reports in a bench trial.  Defendant, however, was well within his rights to elect a jury trial.  He was under no obligation to waive his right to a jury trial in order to make it easier for the State to try him within the 120-day period.

The State knew the chemist's testimony was critical to the presentation of its case.  Rather than locating and preparing the witness for trial during the 120-day period, however, the State chose to take for granted that defendant would ultimately elect a bench trial and stipulate to the chemist's testimony.  Although defendant's trial counsel admitted the public defender's office customarily stipulates to forensic reports in bench trials, the defendant has a controlling vote on whether a stipulation would

be entered. See People v. Campbell, 208 Ill. 2d 203, 217-18, 802 N.E.2d 1205 (2003) ("defense counsel may waive a defendant's right of confrontation as long as the defendant does not object and the decision to stipulate is a matter of trial tactics and strategy.")

We find the State's failure to ask defendant's counsel whether the defense intended to stipulate to the lab reports is evidence of a lack of diligence on the part of the State. We agree with the defendant's claim that the State had no right to rely entirely on a purported stipulation custom in bench trials. The State refers to the defense position as "foppish idealism." We suggest the State would be better served by observing that a simple and timely inquiry about willingness to stipulate is a well-established practice and would have obviated the only issue in this case.

The cases relied on by the State do not warrant a different conclusion. In People v. Winfield, 113 Ill. App. 3d 818, 447 N.E.2d 1029 (1983), the State became aware 10 days before the expiration of the 120-day period that a material witness could not be located. The State then sent officers to her last known address, contacted several of her acquaintances, left messages for her at various locations where she was expected to return, and searched the area where she usually resided and was recently seen. The trial court granted the State's motion for a

continuance after the witness could not be located within the 120-day period. The defendant contended that given the witness' criminal background, the State should have been aware she would be difficult to locate and begun its efforts much sooner.

Rejecting the defendant's contention, the court held the record established that the witness had voluntarily contacted an officer assigned to the case on several occasions over a period of several months, leaving a telephone number she purportedly could be contacted at each time. Winfield, 113 Ill. App. 3d at 825. Given the prior cooperation shown by the witness, the court held the State had no reason to know she would be difficult to locate. Winfield, 113 Ill. App. 3d at 825. The court held the State's efforts were sufficient to demonstrate due diligence. Winfield, 113 Ill. App. 3d at 825.

In People v. Smith, 268 Ill. App. 3d 1008, 645 N.E.2d 384 (1994), the State discovered two of its material witnesses no longer resided at their last known residences 53 days before the expiration of the original 120-day term. The State then took substantial steps to locate them, including checking with the Illinois Department of Public Aid, the Illinois Secretary of State, the United States Postal Service, and arrest records. Although the witnesses were not located before the defendant's scheduled trial date, the court held the State exercised due diligence in locating the witnesses within the 120-day term.

Smith, 268 Ill. App. 3d at 1013-14.  The court also held nothing in the record indicated the State should have known that searching for the witnesses would have been necessary.  Smith, 268 Ill. App. 3d at 1014.  Given the witnesses' earlier cooperation and the fact they both resided in or near Chicago, the court held it was reasonable for the State to delay contacting them until the defendant's case was clearly in trial posture.  Smith, 268 Ill. App. 3d at 1014.

In this case, unlike Winfield and Smith, the State had absolutely no contact--voluntary or otherwise--with the chemist before its attempt to locate her on the 119th day of the 120-day term.  When the State contacted the Illinois State Police Crime Laboratory on August 22, 2005, it learned the chemist had left the laboratory's employment two months earlier.  Defendant's trial date had been set since June 9, 2005.

The State's last-minute attempt to locate the chemist was a far cry from the 10 days before in Winfield and 53 days before in Smith.  The State's delay in contacting the chemist until the 119th day, the day the trial was set, demonstrates a lack of diligence.

In People v. Shannon, 34 Ill. App. 3d 185, 187-88, 340 N.E.2d 129 (1975), we said:

> "We are impressed by the fact that it does
> not appear that any effort whatsoever was

-13-

> made to ascertain the availability of the two police eyewitnesses until the afternoon four days prior to trial. *** In our opinion, these belated efforts to locate these essential witnesses were not sufficient to constitute due diligence on the part of the State. This conclusion is particularly supported by the fact that the vacation schedules of these two witnesses were in existence months before defendant was arrested."

The State's request on the 120th day for a section 103-5(c) extension to conduct DNA testing was granted by the trial court in People v. Battles, 311 Ill. App. 3d 991, 724 N.E.2d 997 (2000). The trial court's decision was held to be an abuse of discretion--"The State did not explain its effort [to complete testing] because there was none." Battles, 311 Ill. App. 3d at 1004.

In People v. Durham, 193 Ill. App. 3d 545, 550 N.E.2d 259 (1990), the State moved for and received a continuance beyond the 120-day limit because a police crime report had not been received. Finding "the record in this case is barren of actions or efforts on the part of the State which would support a finding that due diligence was exercised" to obtain the report, the court

reversed the defendant's drug conviction.  Durham, 193 Ill. App. 3d at 545.  We adopt the court's view that:

> "To hold that the prosecutor in the instant case exercised due diligence would, in fact, abrogate the requirement of diligence in cases where the speedy trial provision is a factor."  Durham, 193 Ill. App. 3d at 547.

Finally, we address an issue raised by the State in its Petition for Rehearing.  The State, for the first time, contends August 22, 2005, was not the 119th day of the statutory term because the defendant had filed a motion to quash and suppress evidence on April 13 and the motion was not heard until August 22.

In the trial court, as the State concedes, the prosecution agreed it had reached the 119th day of the term on August 22. The trial court was not asked to review that concession.  In its briefs filed in this court, the State again conceded that August 22 was the 119th day.  During oral argument before this court once again the State agreed that August 22 was the 119th day.

Illinois Supreme Court Rule 341(h)(7) is clear: "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."  Rule 341(i) applies 341(h)(7) to appellee briefs.  We take the rule to mean

what it says.  State Board of Managers v. Wabash Loftominium, 376 Ill. App. 3d 185, 188-89, 876 N.E.2d 65 (2007).

The principal of waiver applies to the State as well as the defendant in a criminal case.  People v. Holloway, 86 Ill. 2d 78, 91, 426 N.E.2d 871 (1981).  This is not simply a matter of failure to object.  The State took the position at every stage of this case, until its Petition for Rehearing, that August 22 was the 119th day of the term.  The trial court relied on that concession, as did we.  We still do.  We will not inquire into the new issue raised by the State on a petition for rehearing, other than to note the critical time periods were generated by motions of the State and never were agreed to by the defense.  We also observe that an express concession during oral argument concerning the record has been held to eliminate the issue on appeal.  Williams v. Manchester, 228 Ill. 2d 404, 424-25, 888 N.E.2d 1 (2008).  We deny the State's Petition for Rehearing.

We conclude the record reflects the trial court's grant of a 30-day continuance was an abuse of discretion.  The only possible remedy for the deprivation of defendant's statutory right to a speedy trial is discharge.  See Shannon, 34 Ill. App. 3d at 187-88.

CONCLUSION

We reverse the trial court's judgment and remand the cause with directions to enter an order discharging the defendant.

Reversed and remanded with directions.

GARCIA, J., concurs.

JUSTICE CAHILL, dissenting:

I respectfully disagree with the majority's position that defendant's trial objections alone preserved for review his statutorily based speedy trial claim.  The majority begins its opinion by framing the issue: "The only issue in this case is whether the defendant's *statutory right* to a speedy trial was violated when the trial court granted the State a 30-day extension of the 120-day trial term."  (Emphasis added.)  Slip op. at 1.  The majority then distinguishes between the constitutional and statutory right to a speedy trial and concludes that "defendant's speedy trial claim is statutory, not constitutional."  Slip op. at 5.  But then, without explanation, the majority holds that defendant's speedy trial claim is constitutional for purposes of avoiding the waiver rule announced in People v. Enoch, 122 Ill. 2d 176, 190, 522 N.E.2d 1124 (1988).

Our supreme court there held that "when the defendant fails to comply with the statutory requirement to file a post-trial motion, [the court's] review will be limited to *constitutional issues which have properly been raised at trial and which can be raised later in a post-conviction hearing petition.*"  (Emphasis added.)  Enoch, 122 Ill. 2d at 190.  The majority maintains that

defendant's claim, although grounded in statute, has constitutional underpinnings and, for this reason, raises a constitutional issue not subject to waiver. Slip op. at 8. The majority cites People v. Battles, 311 Ill. App. 3d 991, 997, 724 N.E.2d 997 (2000), which in turn cites People v. Reimolds, 92 Ill. 2d 101, 106, 440 N.E.2d 872 (1982). Those cases acknowledge that the speedy trial statute implements a constitutional right and, as such, should be liberally construed in favor of the defendant. Battles, 311 Ill. App. 3d at 997; Reimolds, 92 Ill. 2d at 106. They do not speak to whether an accused waives his right to raise a statutorily based speedy trial claim on direct appeal by failing to first raise the issue in a posttrial motion. But there are cases that do.

"[I]t was long ago established that the right to discharge granted by the [speedy trial] statute was waived if not asserted by the defendant prior to conviction" (People v. Pearson, 88 Ill. 2d 210, 216, 430 N.E.2d 990 (1981)), or through a posttrial motion (People v. Alcazar, 173 Ill. App. 3d 344, 354, 527 N.E.2d 325 (1988); People v. Richardson, 49 Ill. App. 3d 170, 172, 363 N.E.2d 924 (1977)). Even the constitutional right to a speedy trial is subject to waiver. See People v. Taylor, 32 Ill. 2d 165, 168, 204 N.E.2d 734 (1965); People v. Hamby, 27 Ill. 2d 493, 497, 190 N.E.2d 289 (1963). Also, statutorily based speedy trial claims are not constitutional in scope and, for this reason, are

inappropriate for consideration in a postconviction proceeding. People v. French, 46 Ill. 2d 104, 107, 262 N.E.2d 901 (1970); see also People v. Greer, 212 Ill. 2d 192, 203, 817 N.E.2d 511 (2004), citing 725 ILCS 5/122-1 (West 2000) (postconviction proceedings are limited to consideration of constitutional issues not presented at trial).

"[W]here the question concerns whether there has been a waiver of the [speedy trial] statute, [our supreme] court has held the case does not involve the denial of a constitutional right, and the defendant cannot raise the issue in a petition under the Post-Conviction Hearing Act." People v. Morris, 3 Ill. 2d 437, 442, 121 N.E.2d 810 (1954). I disagree with the majority's conclusion to the contrary.

I am also puzzled by the majority decision to include a reference to both the dissent and the majority opinion in People v. Heider, No. 103859 (May 22, 2008). Slip op. at 7-8. While Heider addressed forfeiture of an issue on appeal, the defendant had filed a written postsentencing motion in compliance with section 5-8-1(c) of the Unified Code of Corrections (730 ILCS 5/5-8-1(c) (West 2002)). Heider, slip op. at 11. The dispute involved the wording of the postsentencing motion. The case has no relevance here, where no posttrial motion was filed.

Finally, in response to the State's petition for rehearing, the majority holds the State to the same waiver rule that it

relaxed for defendant. The majority cites Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)) (points not argued in initial appellate brief are waived). But a petition for rehearing is an appropriate vehicle to bring to the reviewing court's attention points that were originally overlooked. See 210 Ill. 2d R. 367(b). Both the parties and the court overlooked the fact that defendant filed a motion to suppress that tolled the running of the speedy trial statute. The fact that the parties mistakenly believed the speedy trial statute had run cannot act to negate what actually occurred in the trial court. It is the record, and not the statement of that record propounded in the parties' briefs, that binds the appellate court. County Board of School Trustees v. Bendt, 30 Ill. App. 2d 329, 334, 174 N.E.2d 404 (1961). The record " 'imports absolute verity, and is the sole, conclusive and unimpeachable evidence of proceedings in the lower court.' " Bendt, 30 Ill. App. 2d at 334, quoting McGurn v. Brotman, 25 Ill. App. 2d 294, 167 N.E.2d 12 (1960). The majority here failed to take into consideration the impact that defendant's motion to suppress had on his speedy trial claim despite the clear and unequivocal law in this state that such a motion tolls the running of the speedy trial statute. See People v. McDonald, 168 Ill. 2d 420, 440, 660 N.E.2d 832 (1995). The majority then compounded this error by refusing to consider, under the guise of waiver, the State's legitimate point on

rehearing that defendant's right to a speedy trial was not, in fact, violated.